UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK COUCH,

    Plaintiff,

vs.

JOHN PRELESNIK,

    Defendant.
_____/

Civil Action No.
05-CV-70591

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION and DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is presently before the Court on a petition for a writ of habeas corpus, filed by Derek Couch ("Petitioner"). John Prelesnik[1] ("Respondent") filed an answer in opposition to the petition, and Petitioner filed a reply. On March 27, 2006, Magistrate Judge Paul Komives issued a Report and Recommendation, in which he recommends that the Court deny the petition. Petitioner has timely filed objections.

The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b). Having made such a review, the Court will accept and adopt the Magistrate Judge's Report and Recommendation.

---

[1] The petition lists "Cindi Curtin" as Respondent. After the petition was filed, John Prelesnik was named Warden, and he was subsequently substituted as Respondent.

**I.      PROCEDURAL BACKGROUND**

On October 16, 2001, a Wayne County Circuit Court jury convicted Petitioner of first-degree criminal sexual conduct (CSC-I), MCL § 750.520b(1)(c); second-degree criminal sexual conduct (CSC-II), MCL § 750.520c(1)(c); and impersonation of a public utility worker, MCL § 750.217b.  He was sentenced to imprisonment for a term of 50 to 75 years for the CSC-I conviction; a concurrent term of 10 to 15 years for the CSC-II conviction; and a concurrent term of 1 to 2 years for the impersonation conviction.

Petitioner appealed.  On October 14, 2003, the Michigan Court of Appeals affirmed Petitioner's convictions and sentence.  Petitioner filed an application for leave to appeal the court of appeals's decision, but the Michigan Supreme Court denied the application.  On July 20, 2004, Petitioner's motion for reconsideration was also denied.

In early February 2005, the pro se Petitioner filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**II.     PETITION FOR WRIT OF HABEAS CORPUS**

   **A.     STANDARD OF REVIEW**

The United States Supreme Court has held:

> Under [28 U.S.C. § 2254], a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)).  The Supreme Court further explained the meanings of "contrary to" and "unreasonable application":

> First, a state-court decision is *contrary to* this Court's precedent if

> the state court arrives at a conclusion opposite to that reached by
> this Court on a question of law.  Second, a state-court decision is
> also contrary to this Court's precedent if the state court confronts
> facts that are materially indistinguishable from a relevant
> Supreme Court precedent and arrives at a result opposite to ours.
> . . . .
> First, a state-court decision involves an *unreasonable application
> of* this Court's precedent if the state court identifies the correct
> governing legal rule from this Court's cases but unreasonably
> applies it to the facts of the particular state prisoner's case.
> Second, a state-court decision also involves an unreasonable
> application of this Court's precedent if the state court either
> unreasonably extends a legal principle from our precedent to a
> new context where it should not apply or unreasonably refuses to
> extend that principle to a new context where it should apply.

Id. at 405, 407 (emphasis added).  The Supreme Court has stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.

### B. PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner bases his objections to the Magistrate Judge's Report and Recommendation on the same four grounds that he argued in his appeal to the Michigan Supreme Court.

#### 1. BAD ACTS EVIDENCE

Petitioner argues:

> [Petitioner] was denied his right to due process of law and a fair trial when the
> trial court allowed evidence of a seventeen (17) year old uncharged 1984
> attempt[ed] sexual assault and testimony from an off-duty officer that said
> defendant was driving suspiciously slow near a high school a month after the
> charged offense.

(Pet. for Writ of Habeas Corpus, 9.)  In essence, Petitioner asserts that he was denied a fair trial because the state court allowed the introduction of bad acts evidence.  However, such a claim is

3

not cognizable for federal habeas relief.  See Johnson v. Karnes, 198 F.3d 589, 593 n.3 (6th Cir. 1999) ("A determination of the admissibility of [] evidence is not within the purview of this court in conducting habeas review.").  The United States Supreme Court has explained:

> [W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Likewise, the Sixth Circuit has held that "[e]rrors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial."  Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir. 1994).

Here, there is no federal habeas relief available for the state court's evidentiary rulings. Petitioner has failed to show that the state court's rulings produced a fundamentally unfair trial. In fact, Petitioner has failed to show that the state court improperly admitted the evidence, as the state court sufficiently explained that the prior act was admitted because it was highly relevant to the issues of identity, common scheme or plan.  Thus, Petitioner is not entitled to habeas relief on this claim.

### 2.     CHARACTER EVIDENCE/RIGHT TO PRESENT A DEFENSE

Petitioner argues that he "was denied his right to present a complete defense and to a fair trial when the trial court excluded testimony of his character witnesses." (Pet. for Writ of Habeas Corpus, 22.)  In essence, Petitioner contends that the state court violated his constitutional rights under the Sixth Amendment, which provides an accused person with

"compulsory process for obtaining witnesses in his favor."  CONST. AMEND. VI.

The United States Supreme Court has explained that the "right to offer testimony is [ ] grounded in the Sixth Amendment even though it is not expressly described in so many words: "'The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense.'"  Taylor v. Illinois, 484 U.S. 400, 409 (1988) (quoting Washington v. Texas, 388 U.S. 14, 19 (1967)).  However, the Supreme Court has warned that compulsory process is not "unfettered" and "cannot be used irresponsibly."  Id. at 410.  In order to show a violation of the Sixth Amendment's Compulsory Process Clause, a petitioner "must at least make some plausible showing of how their testimony would have been both material and favorable to his defense."  United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). Testimony is material if there is "a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."  Id. at 874.

Here, the state court excluded Petitioner's character witnesses because Petitioner did not provide proper notice of the witnesses on his witness list.  The state court's decision was neither arbitrary nor unreasonable, but rather a mere application of the notice rules.  Moreover, given the strength of the prosecution's evidence, Petitioner did not show that the character witnesses' testimony—about Petitioner's general truthfulness—would have affected the outcome of the trial.  Thus, Petitioner is not entitled to habeas relief on this claim.

### 3.      INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner argues that he "was deprived of his right to effective assistance of counsel . . . by the deficient performance of trial counsel."  (Pet. for Writ of Habeas Corpus, 30.)  Petitioner specifically alleges that his good-character witnesses were excluded from the trial because his

counsel did not abide by the filing rules for witness lists.  (Id. at 32.)

The Sixth Circuit has explained that "[a] defendant asserting an ineffective assistance of counsel claim generally must show not only that defense counsel's performance was deficient but also that this deficient performance prejudiced the defense." Wong v. Money, 142 F.3d 313, 319 (6th Cir. 1998).  See also Strickland v. Washington, 466 U.S. 668, 687 (1984) (same). Although this is a two-prong test, a court is not required to review both prongs; but rather, a court can dispose of an unsubstantiated ineffectiveness claim based on merely one prong. Mallett, 334 F.3d at 497.

The first prong—deficient performance—"requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.  The United States Supreme Court has stated that a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688.  However, the Supreme Court has instructed courts to be "highly deferential" when reviewing a lawyer's performance.  Id. at 689.  This means that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

As for the second prong—prejudice—a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  In other words, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.  Thus, a defendant must satisfy both prongs of the test in order to succeed on an ineffectiveness claim.

Here, Petitioner fails to show that the apparent error made by his counsel prejudiced the result of his trial.  Given the strength of the prosecution's evidence against Petitioner, there is not a reasonable probability that the result of the trial would have been different but for his counsel's mistake.  Thus, Petitioner is not entitled to habeas relief on this claim.

4.      **SENTENCING**

Petitioner argues:

> The sentences of fifty (50) to seventy-five (75) years and ten (10) to fifteen (15) years are unlawful and disproportionate because there was not substantial and compelling reason for a forty-three (43) and eight (8) year upward departure . . . and the court imposed the sentence based on the defendant's refusal to admit guilt.

(Pet. for Writ of Habeas Corpus, 34.)  In essence, Petitioner argues that the state court incorrectly departed from the sentencing guidelines, imposed a sentence that was disproportionate to the offense, and improperly based the sentence on Petitioner's not having admitted guilt.

First, Petitioner alleges that he is entitled to federal habeas relief because the state court improperly departed from the Michigan sentencing guidelines.  As such, Petitioner's argument is based on the application of state law.  However, there is no federal habeas relief for alleged errors regarding issues of state law, unless that alleged error fundamentally impinges on the fairness of the trial.  Estelle, 502 U.S. at 67-68.  See also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (stating that the "federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"); Jones v. Estelle, 622 F.2d 124, 126 (5th Cir. 1980) (stating "because federal courts do not review a state's failure to adhere to its own sentencing procedures, petitioner's objection . . . does not present a possible basis for habeas corpus relief").  Here, Petitioner is not entitled to habeas relief.

Second, Petitioner contends that he is entitled to federal habeas relief because a state court cannot "impose a sentence based on the defendant's refusal to admit guilt." (Pet. for Writ of Habeas Corpus, 34.)  However, the state court detailed several factors upon which the court based its imposition of sentence.  For instance, the state court referenced Petitioner's stalking of the victim before attacking her in her home; Petitioner's terrorizing of the victim and her younger siblings; and Petitioner's use of his wife's transparently false testimony.  In addition to those factors, the state court also considered Petitioner's unrepentant attitude.  A state court can surely consider a defendant's refusal to accept responsibility as a factor in its determination to depart from the sentencing guidelines.  Thus, Petitioner is not entitled to habeas relief.

Lastly, Petitioner argues that he is entitled to federal habeas relief because the length of his sentence is disproportionate to the offense.  The United States Supreme Court has held that there exists no constitutional right to strict proportionality in sentencing.  <u>Harmelin v. Michigan</u>, 501 U.S. 957, 965 (1991).  However, the Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate to the crime.'"  <u>Coleman v. DeWitt</u>, 282 F.3d 908, 915 (6th Cir. 2002) (quoting Harmelin, 501 U.S. at 995).  The Sixth Circuit has explained that in order "[t]o determine whether a sentence is 'grossly disproportionate,' courts look to the gravity of the offense, including whether the crime was violent."  <u>Id.</u>  Here, the Court finds that the upward departure from the sentencing guidelines was not "grossly disproportionate" to the offense, given the seriousness of the crime and the physical nature of the attack.  Thus, Petitioner is not entitled to habeas relief.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner has not demonstrated that the

state court's decisions were "contrary to" or an "unreasonable application of" clearly established federal law. Therefore, Petitioner is not entitled to federal habeas relief.  Accordingly,

IT IS ORDERED that Petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is accepted and adopted.

IT IS FURTHER ORDERED that the Petition for a Writ of Habeas Corpus is dismissed with prejudice.

  __s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: October 20, 2006
      Detroit, Michigan

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman**