UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK O. COUCH,

        Petitioner,

                                   CASE NO. 05-CV-70591-DT

v.                              CHIEF JUDGE BERNARD A. FRIEDMAN
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN PRELESNIK,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's motion for a certificate of appealability.

II.   <u>REPORT</u>:

A.    *Procedural Background*

Petitioner Derek O. Couch is a state prisoner currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. On February 14, 2005, petitioner filed an application for the writ of habeas corpus, challenging his 2001 state court convictions for first and second degree criminal sexual conduct and impersonating a public utility worker. On March 27, 2006, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On October 20, 2006, the Court entered an order accepting my recommendation. On December 18, 2006, petitioner filed a notice of appeal and a motion for a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. This standard must be applied with reference to the substantive standards of review reflected in § 2254(d), as amended by the AEDPA. *See Medellin v. Dretke*, 544 U.S. 660, 679 (2005) (per curiam); *Miller-El v. Cockrell*. 537 U.S. 322, 336 (2003); *id*. at 349-50 (Scalia, J., concurring). Further, "[t]he new Act . . . require[s] that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073 (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C.      *Analysis*

    1.      *Bad Acts Evidence Claim*

In his first habeas claim, petitioner argued that he was denied a fair trial by the introduction of prior bad acts evidence. As explained in my initial Report, it is well established that "a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial." R&R, at 9 (quoting *Estelle v. McGuire*, 502 U.S. 62, 69-70 (1991); *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001); *Pennington v. Lazaroff*, 13 Fed. Appx. 228, 232 (6th Cir. 2001) (per curiam) (unpublished); *Manning v. Rose*, 507 F.2d 889, 893-95 (6th Cir. 1974)). Further, it is not reasonably debatable that the evidence was admissible as a matter of state law because it was relevant to showing petitioner's identity and common scheme. *See id.* Thus, the Court's resolution of this claim is not debatable among reasonable jurists, and petitioner is not entitled to a certificate of appealability.

    2.      *Character Evidence and Ineffective Assistance of Counsel Claims*

In his second and third habeas claims, petitioner argued that he was denied the right to present a defense by the trial court's exclusion of his character witnesses, and that he was denied the effective assistance of counsel by counsel's failure to list these witnesses on petitioner's witness list. As explained in my initial report, petitioner must establish that the exclusion of these witnesses infringed upon a "weighty interest" by excluding material, favorable evidence which could have altered the outcome, *see* R&R, at 12, and to succeed on his ineffective assistance claim petitioner must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different, *see id.* at 14. Petitioner was able to establish neither in light of the significant eyewitness and circumstantial evidence against him, *see id.* at 12, the contradiction of petitioner's alibi by other evidence, *see id.* at 12-13, and the fact that the excluded witnesses could have testified only as to

petitioner's general character for truthfulness, *see id*. at 13.  In light of the evidence presented at trial and the limited nature of the excluded witnesses' testimony, the Court's resolution of these claims is not debatable among reasonable jurists, and petitioner is therefore not entitled to a certificate of appealability on these claims.

3.      *Sentencing Claims*

In his final habeas claim, petitioner asserted a number of challenges to his sentence. Petitioner's claim related to the trial court's departure from the sentencing guidelines clearly raises a state law claim not cognizable on habeas review, *see* R&R at 15 (citing *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J)), and thus the Court's resolution of this claim is not debatable among reasonable jurists.  Likewise, the Court's resolution of petitioner's claim that his sentence was improperly based on his denial of responsibility clearly raises only a state law claim not cognizable on habeas review, *see id*. at 15-16 (citing *Bohan v. Kuhlmann*, 234 F. Supp. 2d 231, 271 (S.D.N.Y. 2002); *Frazier v. New York*, 187 F. Supp. 2d 102, 117 (S.D.N.Y. 2002)); *see also*, *Bergmann v. McCaughtry*, 65 F.3d 1372, 1379 (7th Cir. 1995); *Jackson v. Thompson*, No. 06-CV-10066, 2007 WL 869512, at *4 (D. Mass. Mar. 21, 2007) (citing cases), and thus the Court's resolution of this claim is not debatable among reasonable jurists.  Finally, in light of the stringent standard governing such a claim and the nature of petitioner's crime, *see* R&R at 19-20, the Court's resolution of petitioner's proportionality claim is not debatable among reasonable jurists.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to his sentencing claims.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner has failed to make a substantial showing of a denial of a constitutional right with respect to any of his claims.

Accordingly, the Court should deny petitioner's motion for a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        UNITED STATES MAGISTRATE JUDGE
Dated: June 18, 2007

**Certificate of Service**

I hereby certify that a copy of the foregoing report and recommendation was served by U.S. Mail on ***Derek O. Couch #380641, Handlon Correctional Facility, P.O. Box 492, 1728 Bluewater Highway, Ionia MI 48846*** on June 18, 2007.

s/V. Sims
Acting in the Absence of Eddrey Butts,
Case Manager to Mag. Judge Komives