UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK O. COUCH,

    Petitioner,

vs.                                                                                                       Civil Action No.
                                                                                       05-CV-70591-DT

                                                                                  HON. BERNARD A. FRIEDMAN

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

        This matter is presently before the Court on Petitioner's motion for a certificate of appealability. On June 18, 2007, Magistrate Judge Paul J. Komives submitted a Report and Recommendation ("R&R"), recommending that the Court deny Petitioner's motion. Petitioner has filed objections to the Magistrate Judge's R&R, and Respondent has not filed a response.

        The court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court has had the opportunity to fully review this matter. For the reasons stated below, the Court will accept and adopt Magistrate Judge Komives' R&R as the findings of this Court, and deny Petitioner's motion for a certificate of appealability.

**I.    PROCEDURAL HISTORY**

        On October 4, 2006, a Wayne County Circuit Court jury convicted Petitioner of first-degree criminal sexual conduct (CSC-I) under MICH. COMP. LAWS § 750.520b(1)(c), second

1

degree criminal sexual conduct (CSC-II) under MICH. COMP. LAWS § 750.520c(1)(c), and impersonation of a public utility worker under MICH. COMP. LAWS § 750.217b. The trial court sentenced Petitioner to imprisonment for a term of fifty to seventy-five years for the CSC-I conviction, a concurrent term of ten to fifteen years for the CSC-II conviction, and a concurrent term of one to two years for the impersonation conviction.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished per curiam opinion. See People v. Couch, 2003 WL 22339816 (Mich. Ct. App. Oct. 14, 2003). The Michigan Supreme Court denied leave to appeal the court of appeal's decision. On July 20, 2004, Petitioner's motion for reconsideration was also denied.

On February 14, 2005, Petitioner filed a habeas corpus petition, pursuant to 28 U.S.C. § 2254. On March 27, 2006, Magistrate Judge Komives issued a Report and Recommendation in which he recommended denial of the petition. On October 20, 2006, this Court issued an opinion and order accepting and adopting the Report and Recommendation and dismissing Petitioner's petition.

On December 18, 2006, Petitioner filed a motion for certificate of appealability, and on June 18, 2007, Magistrate Judge Komives issued his R&R recommending denial of the Petitioner's motion. On July 26, 2007, Petitioner filed objections to Magistrate Judge Komives' R&R.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 provides the standard for issuance of certificates of appealability: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this requirement, "[t]he petitioner must demonstrate that reasonable jurists

2

would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, the certificate of appealability determination is a threshold inquiry that does not turn on the likelihood of success on the merits, but instead on the debatability of the underlying constitutional claim. Miller-El v. Cockrell, 537 U.S. 322, 342 (2003). In addition, [t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3).

The Antiterrorism and Effective Death Penalty Act of 1996 also provides the standard for the district court's assessment of the petition for a writ of habeas corpus. A district court may grant a writ if the state court proceeding resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III. PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S R&R

Petitioner's objections to Magistrate Judge Komives' R&R contain four main arguments, all of which were made by Petitioner, and rejected, in both his appeal to the Michigan Supreme Court and in his habeas petition. First, Petitioner argues that the state trial court's decision to admit prior bad acts evidence resulted in an unfair trial. Second, Petitioner contends that he was denied a fair trial because certain character evidence was excluded at trial. Third, Petitioner asserts an ineffective assistance of counsel claim. Finally, Petitioner contends that his sentence is an excessive departure from state guidelines and disproportionate to his offense. Each argument will be addressed, in turn, below.

A. *Prior Bad Acts Evidence*

Petitioner argues that he was

> denied due process of law and a fair trial when the trial court allowed evidence of an uncharged 1984 attempt [sic] sexual assault and testimony from an off duty officer that defendant was driving suspiciously by a high school a month after the charged offense.

(Mot. for Certificate of Appealability at 1). Specifically, Petitioner claims that the trial testimony of two witnesses regarding Petitioner's prior bad acts should have been excluded on the grounds that such testimony was irrelevant under MRE 401 and 403. As a result of the admission of this evidence, Petitioner argues that he was denied a fair trial. (*Id.*)

State court determinations on the admissibility of evidence are generally not within the scope of federal habeas review. See Johnson v. Karnes, 198 F.3d 589, 593 n.3 (6th Cir. 1999). That is, according to the Sixth Circuit,

> [t]rial court errors in state . . . evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment.

McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (citing Estelle v. McGuire, 502 U.S. 62, 69-70 (1991)). Indeed, the United States Supreme Court has held that, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 68-69. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 69 (citing 28 U.S.C. § 2241 and Rose v. Hodges, 423 U.S. 19, 21 (1975)).

For the purposes of habeas review, the state court's decision in this case to admit testimony regarding Petitioner's prior bad acts was a question of state law, and a determination for the state court to make. See Estelle, 502 U.S. at 68-69. This decision is generally not within the province of federal habeas review. See id. Moreover, the decision to admit the prior bad

acts testimony in this case did not come close to rendering the proceeding so fundamentally unfair as to deprive Petitioner of due process, and Petitioner has failed to demonstrate that reasonable jurists could debate the issue. See McAdoo, 365 F.3d at 494. The Michigan Court of Appeals found that the state trial court had not abused its discretion in admitting testimony regarding an uncharged sexual assault because the similarities between this incident and the charged offense made the testimony relevant. Couch, 2003 WL 22339816, at **2-3; MRE 404(b)(1) (2007) (establishing admissibility guidelines for evidence of prior bad acts). Also, as the Michigan Court of Appeals acknowledged, Petitioner himself testified that he had watched young girls at track meets at a local high school, whereas the prosecution's witness only testified to seeing Petitioner driving suspiciously in the direction of the high school. Id. at *4. As such, Petitioner's own testimony regarding the prior bad acts was more detailed and prejudicial than the testimony proffered by the prosecution. Id. In this case, it is not reasonably debatable that the state court's decision to admit bad acts evidence led to a due process violation. Thus, Petitioner is not entitled to a certificate of appealability as to this issue.

B. *Character Evidence*

Petitioner argues that he "was denied his right to present a complete defense and a fair trial when the trial court excluded testimony of his character witnesses." (Mot. for Certificate of Appealability at 1.)

Petitioner's character evidence claim is grounded in the Sixth Amendment, which affords an accused with the right "to have compulsory process for obtaining witnesses in his favor." U.S. CONST. amend. VI. However, the United States Supreme Court has explained that "[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." United States v. Scheffer, 523 U.S. 303, 308 (1998) (citing Taylor v.

Ill., 484 U.S. 400, 410 (1988); Rock v. Ark., 483 U.S. 44, 55 (1987); Chambers v. Miss., 410 U.S. 284, 295 (1973)). The exclusion of evidence violates the Sixth Amendment "only where it has infringed upon a weighty interest of the accused." Id. (citing Rock, 483 U.S. at 58; Chambers, 410 U.S. at 302; Wash. v. Tex., 388 U.S. 14, 22-23 (1967)). Thus, the petitioner "must at least make some plausible showing of how their testimony would have been both material and favorable to his defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). The evidence is material when it is reasonably likely, in light of the entire trial record, that the omission of the evidence could have affected the outcome of the trial. See id. at 868.

Petitioner claims that both character witnesses could have testified that he "is a law abiding family man, and Minister of the church and is know[n] for his honesty." (Petitioner's Objections at 8.) Petitioner also states that one of the witnesses, his employment supervisor of two years, would have testified that he did not own the purple jacket described by the victims, and that the other witness would have provided support for his alibi. (Id.) Taken in view of the entire record, including eyewitness testimony, circumstantial evidence, and other evidence contradicting his alibi, the Court agrees with Magistrate Judge Komives' conclusion that the excluded character evidence does not meet the threshold for materiality. In addition, as Magistrate Judge Komives pointed out in his R&R, the character witnesses were excluded because Petitioner did not provide proper notice of the witnesses on the witness list. Because the notice restriction is clearly reasonable, and a defendant's right to present relevant evidence is subject to reasonable restrictions, Petitioner is not entitled to a certificate of appealability as to this issue. See Scheffer, 523 U.S. at 308.

    C.    *Ineffective Assistance of Counsel*

Petitioner argues that he "was deprived of his right to effective assistance of counsel . . . by the deficient performance of the trial counsel that denied him a fair trial." (Mot. for Certificate of Appealability at 2.). Petitioner specifically points to his defense counsel's failure to file a witness list, resulting in the exclusion of Petitioner's character witnesses' testimony. (Id. at 3).

To establish an ineffective assistance of counsel claim, Petitioner must establish "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). A counsel's performance is deficient when it "falls below an objective standard of reasonableness." Id. at 688. The performance is prejudicial when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In addition, the United States Supreme Court has instructed courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

After excluding Petitioner's character witnesses on the grounds that defense counsel failed to submit a witness list, the trial judge noted, "[i]t's not a question of your exercising inappropriate professional judgment . . . . You've done your part." Couch, 2003 WL 22339816, at *5. Moreover, even if it were reasonably debatable that defense counsel's performance was deficient, Petitioner has not made a showing that the performance was prejudicial. Indeed, the potential benefit of the character witnesses' testimony was insignificant when compared with the strength of the prosecution's evidence. Therefore, it is not debatable among reasonable jurists that defense counsel's mistake influenced the outcome of the trial, and

Petitioner is not entitled to a certificate of appealability on his ineffective assistance of counsel claim.

D. *Sentencing*

Petitioner argues that his sentence "was highly disproportionate" and that "[t]he upward departure was not supported by substantial and compelling reasons that was [sic] proven by a jury." (Petitioner's Objections at 10.) Petitioner also argues that the sentencing judge impermissibly considered his refusal to admit guilt. Id. Essentially, Petitioner alleges that the sentencing court improperly exceeded the minimum sentencing guidelines when sentencing him to a minimum of fifty to seventy-five years in prison for his CSC-I conviction, a forty-three year upward departure from the minimum sentencing guidelines.

As stated above, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. The Sixth Circuit has explained, "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." Howard v. White, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (unpublished) (citing Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)). Thus, Petitioner's argument that the sentencing judge improperly considered his denial of guilt is a matter of state law, and thus does not generally come within the scope of federal habeas review. See Estelle, 502 U.S. at 67-68.

Petitioner's underlying constitutional claim is that his sentence was disproportionate to his offense, but he does not provide support for any such claim in his Objections to the Magistrate Judge's R&R. The Eighth Amendment's proscription against cruel and unusual punishment does not grant a right to strict proportionality in sentencing. Harmelin

v. Mich., 501 U.S. 957, 965 (1991). Rather, the United States Supreme Court has explained that, for purposes of analyzing habeas petitions, the clearly established law is that "[a] gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003). Furthermore, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Id. at 77.

In *Lockyer*, the prisoner had been convicted of two counts of petty theft with a prior conviction after stealing videos worth approximately $150 from two stores. Id. at 63. The prisoner was sentenced to two consecutive terms of 25 years to life, pursuant to California's three strikes policy. Id. The Court held that his sentence was not contrary to clearly established federal law or an objectively unreasonable application of California state law. Id. at 74, 76. In this case, given the seriousness and violent nature of Petitioner's crimes, the Court agrees with Magistrate Judge Komives' conclusion that it is not reasonably debatable that Petitioner's sentence was grossly disproportionate. As such, Petitioner is not entitled to a certificate of appealability on this issue.

Petitioner also objects to the Magistrate Judge's R&R on the grounds that his Sixth Amendment right to a trial by jury was violated when the sentencing judge considered factors not submitted to the jury. The United States Supreme Court has consistently held that "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham v. Cal., 127 S. Ct. 856, 860 (2007) (citing United States v. Booker, 543 U.S. 220 (2005); Blakely v. Wash., 542 U.S. 296, 301 (2004); Ring v. Ariz., 536 U.S. 584 (2002); Apprendi v. N.J., 530 U.S. 466, 490 (2000)). Thus, "a trial court *may* consider facts and circumstances not proven beyond a

reasonable doubt in imposing a sentence within the statutory range." People v. Drohan, 715 N.W.2d 778, 787 (Mich. 2006) (emphasis in original) (citations omitted).

Under MICH. COMP. LAWS § 750.520b(2)(a), first-degree criminal sexual conduct is punishable "by imprisonment for life or for any term of years." Because Petitioner's sentence did not exceed the statutory maximum of life imprisonment in this case, the sentencing court was entitled to consider facts and circumstances not proven by the jury beyond a reasonable doubt. Therefore, it is not reasonably debatable that the sentencing judge's upward departure of the minimum sentence length violated Petitioner's Sixth Amendment rights, and the Court will deny Petitioner's motion for a certificate of appealability as to the sentencing claim.

## III. CONCLUSION

For the reasons stated above, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Therefore, Petitioner is not entitled to a certificate of appealability. Accordingly,

IT IS ORDERED that Petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Komives' Report and Recommendation of June 18, 2007, is accepted and adopted as the findings and conclusions of the Court.

05-70591

IT IS FURTHER ORDERED that Petitioner's motion for a certificate of appealability is denied.

                                              ____s/Bernard A. Friedman_____
                                              BERNARD A. FRIEDMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated: ___August 21, 2007_____
       Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2007, by electronic and/or ordinary mail.

                                              s/Carol Mullins_____
                                              Case Manager